64

**MATTA v. TILLINGHAST, Immigration Com'r.**

Circuit Court of Appeals, First Circuit.
May 31, 1929.

No. 2313.

William H. Lewis, of Boston, Mass., for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM and ANDERSON, Circuit Judges, and HALE, District Judge.

HALE, District Judge. This case is before us on appeal from the decree of the United States District Court of Massachusetts, dismissing the bill of complaint filed by the plaintiff, appellant, July 26, 1927, against the defendant, appellee, praying for the cancellation of a public charge bond entered into by the plaintiff on July 10, 1924, in the sum of $500 in behalf of Peter Gabriel, alien immigrant; and for the return of five $100 Liberty loan bonds deposited by him as collateral with the former Commissioner of Immigration.

Peter Gabriel, a returning alien, arrived at Providence on May 31, 1924, and was debarred from landing. The bond in question was against the "alien becoming a public charge," and conditioned that he depart from the United States within six months from the date of the bond. The record shows that the

*Rehearing denied July 13, 1929.

alien has not become a public charge, and that he did not depart from the country within six months, namely, before January 10, 1925. Formal application for extension of his time was not filed until February 11, 1925. It was denied by the Department on March 5, 1925. Shortly thereafter the alien and the plaintiff came before the Immigration Bureau at Boston in an attempt to renew the request for further extension of time. An executive warrant for the alien's arrest was issued about June 9, 1925. He voluntarily appeared at the Immigration Bureau August 24, 1925, and was released upon another bond for $1,000 pending a hearing upon the warrant of arrest. The $1,000 bond was afterwards canceled; and the alien was admitted to bail in the United States District Court upon habeas corpus proceedings in the sum of $2,500; and that bail still stands.

The bond recites the receipt of the collateral; annexed thereto, and made a part of it, is a power of attorney, empowering the Secretary of Labor to collect or sell the collateral upon default in performance of the conditions of the bond, without appraisement, notice, or right to redeem. No suit has been brought against the surety. No writ of scire facias has issued against the bail. The Commissioner of Immigration, the appellee, still holds the collateral, subject to the order of the Secretary of Labor. The appellant says he brings this suit in the nature of a quia timet, for the cancellation of the bond and return of the collateral, in fear that such collateral might be taken by the government under the power of attorney.

The District Court held that there had been an actual breach of the bond; that, by its terms, the alien was to leave the country on or before January 10, 1925; if he failed to do so, a liability of the surety to pay the government the sum of $500 as damages, agreed upon and liquidated, became fixed; if the alien desired a further extension of time, it was incumbent upon him to make seasonable application therefor, so that the time could have been extended on or before January 10, 1925; and that, if he waited until after the expiration of six months, he did so at the risk of impairing the rights of his surety to redeem the bonds which he had hypothecated; that the rights of the parties are not affected by the fact that the alien, after his arrest, demanded a hearing and secured his freedom by giving a bail bond for $1,000.

The assignment of errors challenges all the findings of the District Court, and charges that the court erred in holding that the bail was not exonerated by the government

in accepting the surrender of Gabriel and allowing him to be enlarged upon another bond for $1,000; also in failing to hold that the bail was exonerated by the government because of an extension of time given the alien within which to depart from the country; also for not finding that the failure to surrender the alien within six months upon the terms of the bond, entered into by the plaintiff, was not without his fault; also in not finding that the United States had not been prejudiced by any technical breach of the bond, and that the defendant was entitled to relief as prayed for by him in equity. It is charged, too, that the bail bond, so far as it gives the Commissioner of Immigration power of attorney to forfeit the security without a suit against the petitioner, was signed by him without knowledge of its conditions.

We think the District Court was right. The substantial question is whether or not there has been an actual breach of the conditions of the bond. There is nothing in the case to show that the bond was signed by the petitioner without knowledge of its conditions. It is not a penal bond. By its terms it is for the sum of $500 "as liquidated damages" and not as a penalty.

The doctrine of the courts is now clear upon the subject of bonds of this character.

In United States v. Bethlehem Steel Co., 205 U. S. 105, 119, 27 S. Ct. 450, 455 (51 L. Ed. 731), in speaking for the court, Mr. Justice Peckham said:

"The courts at one time seemed to be quite strong in their views and would scarcely admit that there ever was a valid contract providing for liquidated damages. Their tendency was to construe the language as a penalty, so that nothing but the actual damages sustained by the party aggrieved could be recovered. Subsequently the courts became more tolerant of such provisions, and have now become strongly inclined to allow parties to make their own contracts, and to carry out their intentions, even when it would result in the recovery of an amount stated as liquidated damages, upon proof of the violation of the contract, and without proof of the damages actually sustained. The whole subject is reviewed in Sun Printing & Publishing Association v. Moore, 183 U. S., 642, 669 [22 S. Ct. 240, 46 L. Ed. 366]." See United States v. Rubin (D. C.) 227 F. 938, 942.

Judge Brewster, in the District Court, made this clear summary of his findings:

"The plaintiff entered into a binding obligation with the United States to pay the sum of $500 if the alien, Gabriel, should not depart from the United States within six months from July 10, 1924; and to secure this promise, $500 in United States bonds was pledged. The alien did not so depart and the plaintiff, therefore, became liable to the Government in the sum of $500. The liability being fixed, the Secretary of Labor was authorized to exercise the power of attorney, conferred upon him in said bond, to collect or sell the security in case of default in the performance of the conditions or stipulations of the bond."

The decree of the District Court, dismissing the bill of complaint, is affirmed.