**UNITED STATES ex rel. SCHLUETER v. WATKINS, Dist. Director of Immigration and Naturalization of U. S. for New York Dist.**

**No. 136, Docket 20435.**

Circuit Court of Appeals, Second Circuit.

Dec. 31, 1946.

David S. Kumble and George C. Dix, both of New York City, for appellant.

John F. X. McGohey, of New York City (Stanley H. Lowell, of New York City, and Thomas M. Cooley, II, of Waterford, Va., of counsel), for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

█ The facts are fully stated in the excellent opinion of District Judge Rifkind; see United States ex rel. Schlueter v. Watkins, 67 F.Supp. 556. We agree with him that the statute authorized the making of an order of removal of an alien enemy without a court order and without a hearing of any kind, except on the issue of whether or not the relator actually is an alien enemy which was not controverted in this case. Minotto v. Bradley, N.D.Ill., 252 F. 600. 50 U.S.C.A. § 24 refers, disjunctively, to executive action pursuant to § 21 or to a court order. Court jurisdiction, conferred solely by § 23, arises only when a "complaint" is filed by a citizen. When the procedure is through executive action, the statute calls for no hearing in court or elsewhere. Early in its history, the statute was so construed by Mr. Justice Washington; Lockington v. Smith, C.C.D.Pa., 1817 15 Fed.Cas. No. 8448, p. 758.[1]

█ We agree with Judge Rifkind, and with Judge Prettyman's opinion in Citizens Protective League v. Clark, App.D.C., 155 F.2d 290 that the statute, thus construed, is constitutional. The President duly exer-

[1] See also Lockington's Case, Brightly N. P., Pa., 269, 296; DeLacey v. United States, 9 Cir., 249 F.2d 625, 627, L.R.A. 1918E, 1011.

cised his statutory power in Proclamations Nos. 2526 and 2655. They did not compel a hearing which would meet the requirements of due process.

Affirmed.