**UNITED STATES ex rel. HACK v. CLARK, U. S. Atty. Gen., et al.**

No. 9165.

Circuit Court of Appeals, Seventh Circuit.

Feb. 11, 1947.

Harold O. Mulks, of Chicago, Ill., for appellant.

J. Albert Woll, U. S. Atty., and John Peter Lulinski, Asst. U. S. Atty., both of Chicago, Ill., for appellees.

Before EVANS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The Attorney General of the United States has ordered the relator deported to Germany as an enemy alien whose presence here is dangerous to the public peace and safety, and he is now in the custody of Andrew Jordan, District Director of the Chicago District, the United States De-

partment of Justice, Immigration and Naturalization Service. The relator has brought a proceeding in habeas corpus to be released from said custody, in which petition it appears that he was born in Germany on November 7, 1899, that he left the port of Hamburg, Germany on December 6, 1923 and entered the port of New York on December 20, 1923, and that he has never become a naturalized citizen of the United States. The District Court has sustained the motion of the respondent Jordan to dismiss the petition for a writ of habeas corpus, and the relator has appealed.

The relator alleges in his petition:

1. That he has been denied a hearing according to the principles of due process of law.

2. That the President of the United States could not delegate to the Attorney General the duty of determining, pursuant to 50 U.S.C.A. § 21, whether the relator was dangerous to the public peace and safety of the United States.

3. That hostilities having ceased between the United States and Germany and the sovereign state of Germany having been completely subjected by opposing powers, the state of Germany no longer exists to which he may be deported or of which he may claim to be a citizen, subject, or denizen.

4. That the Attorney General may not authorize citizens who are not officers of the United States to hold hearings to determine whether the relator shall, first, be confined to a detention camp, and secondly, be repatriated to the country from whence he came, the result of said hearing to be used by the Attorney General in an advisory manner.

All of these questions have been answered contrary to the relator's contentions. United States ex rel. Knauer v. Jordan, 7 Cir., 158 F.2d 337; Citizens Protective League v. Clark, App.D.C., 155 F.2d 290; United States ex rel. Schwarzkopf v. Uhl, 2 Cir., 137 F.2d 898, 900; United States ex rel. Schlueter v. Watkins, D.C., 67 F.Supp. 556, affirmed 2 Cir., 158 F.2d 853.

554

In a proceeding of this kind but one question is open to the relator, and that is whether he is an enemy alien. United States ex rel. Schwarzkopf v. Uhl, supra. If he is, that ends the proceeding. He may not contest in the courts of the host nation when or under what circumstances he, an enemy alien, shall be ordered to depart. Whether the country from whence he came is still at war with the United States or is still in existence as a sovereign power is not for any court to say; that is a political question to be answered only by those branches of our Government charged with the responsibility of political decisions, namely, the executive and legislative branches. Jones v. United States, 137 U.S. 202, 11 S.Ct. 80, 34 L.Ed. 691; Citizens Protective League v. Clark, supra.

The District Court committed no error in dismissing the relator's petition in habeas corpus, and the judgment is

Affirmed.