UNITED STATES ex rel. LUDECKE v. WATKINS.

No. 250, Docket 20572.

Circuit Court of Appeals, Second Circuit.

July 24, 1947.

Kurt G. W. Ludecke, in pro. per.

John F. X. McGohey, U. S. Atty., of New York City (William J. Sexton, Asst. U. S. Atty., of New York City, of counsel), for respondent-appellee.

Before L. HAND, SWAN and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Ludecke, the relator-appellant, made an oral argument and submitted a brief, both of which have been interesting and moving. He is a German alien enemy held pursuant to an order of internment of the Attorney General dated February 9, 1942. An order was made by the Attorney General for his removal to Germany under date of January 10, 1946, which recited that he had been given a full hearing before a Repatriation Hearing Board and that upon the evidence there presented the Attorney General deemed him "dangerous to the public peace and safety of the United States because he has adhered to a government with which the United States is at war or to the principle thereof."

It is not questioned that Ludecke is an enemy alien, but he argues that the evidence before the Repatriation Hearing Board was insufficient to show that he is a person "dangerous to the public peace and safety of the United States" and that due process of law guaranteed by the Fourteenth Amendment to the Constitution entitled him to a judicial hearing. He also argues that the Alien Enemy Act, 50 U.S.C.A. § 21 et seq., has ceased to be operative owing to the unconditional surrender of Germany and the cessation of actual hostilities. We have dealt with the first contention in United States ex rel. Schlueter v. Watkins, 2 Cir., 158 F.2d 853, and with the second in United States ex rel. Kessler v. Watkins, 2 Cir., 163 F.2d 140. In both decisions we reached conclusions contrary to the relator's contentions and for reasons which seem to us unanswerable. We accordingly hold that his writ of habeas corpus, whereby he endeavored to review the order of the Attorney General, was properly dismissed (1) because the Alien Enemy Act calls for no hearing where the removal of the alien enemy is by executive action, and (2) because that act remains effective so long as a state of war exists with the German Nation, as it still does, under the terms of the President's Proclamation 2714 of December 31, 1946, 50 U.S.C.A.Appendix, § 601 note.

We see no reason for discussing the nature or weight of the evidence before the Repatriation Hearing Board, or the finding of the Attorney General for the reason that his order is not subject to judicial review. However, on the face of the record it is hard to see why the relator should now be compelled to go back. Of course there may be much not disclosed to justify the step; and it is of doubtful propriety for a court ever to express an opinion on a subject over which it has no power. Therefore we shall, and should, say no more than to suggest that justice may perhaps be better satisfied if a reconsideration be given him in the light of the changed conditions, since the order of removal was made eighteen months ago.

Order affirmed.