## UNITED STATES ex rel. FITTERER v. WATKINS, District Director of Immigration and Naturalization.

District Court, S. D. New York.
March 16, 1948.

Joseph Cohn, of New York City (Irvin L. Lubar, of New York City, of counsel), for relator.

John F. X. McGohey, U. S. Atty., of New York City (Harold J. Raby, Asst. U. S. Atty., of New York City, of counsel), for respondent.

MEDINA, District Judge.

The holding in United States ex rel. Paetau v. Watkins, 2 Cir., 1947, 164 F.2d 457, precludes further consideration by this Court of the question of statutory authority for bail on appeal in removal and deportation cases and the alleged inconsistency between the Paetau case and Carapa v. Curran, 2 Cir., 1924, 297 F. 946, 954, 36 A.L.R. 877. The power to grant bail to relator pending his appeal from the order discharging the writ must be found to exist.

Relator is a native and citizen of Germany. By order dated January 18, 1946, he was found by the Attorney General of the United States "to be dangerous to the public peace and safety of the United States because he has adhered to a government with which the United States is at war or to the principles thereof." Pursuant to the Alien Enemy Act, 50 U.S.C.A. § 21 et seq., relator was interned and ordered removed from the United States. Although he was at one time a naturalized American citizen, he was, on March 20, 1944, denaturalized by order of the United States District Court for the District of New Jersey, because of fraudulent procurement of his certificate of citizenship. By this order his naturalization was declared void ab initio and he was discharged without honor from the Army of the United States on March 30, 1944, as an alien.

It is well settled that the findings of the Attorney General in such cases are not reviewable in the courts. United States ex rel. Schlueter v. Watkins, D.C., 67 F. Supp. 556, affirmed 2 Cir., 158 F.2d 853; Citizens Protective League v. Clark, 81 U.S.App.D.C. 116, 155 F.2d 290; United States ex rel. Schwarzkopf v. Uhl, 2 Cir., 137 F.2d 898, 900. Whenever warranted by the facts, relator may be released by administrative action, subject to appropriate administrative safeguards. Of the large number of enemy aliens actually subjected to internment, all but a few have been released. While relator's counsel refers to him as "meek" and "not dangerous," this Court has no power to inquire into the truth or falsity of this assertion; and it is largely on the very truth or falsity of this claim that the discretion to grant bail must be exercised. If relator is truly a dangerous enemy alien, he should not be released on bail and no evidence is admissible to impeach the finding made by the Attorney General on the subject.

Motion denied.

Settle order on notice.