UNITED STATES ex rel. DORFLER et al.
v. WATKINS, Dist. Director of
Immigration, etc.

No. 126, Docket 21190.

United States Court of Appeals
Second Circuit.

Dec. 23, 1948.

Herman J. Roshwald and Joseph W. Solomon, both of New York City, for appellants.

John F. X. McGohey, U. S. Atty., of New York City (Harold J. Raby, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

Each of the appellants is a person of German origin who is in the custody of the appellee by virtue of an order by the Attorney General that he be removed from the United States as an alien enemy pursuant to 50 U.S.C.A. § 21 and Presidential Proclamation No. 2655, 59 Stat. Part 2, 870. Their appeal presents four contentions: (1) The Presidential Proclamations do not authorize internment or removal under § 21 of title 50; (2) due process of law requires hearings of a judicial nature, which were not had; (3) the Alien Enemy Act and the Proclamations thereunder should not be enforced after the termination of hostilities; (4) an alien must be given a reasonable time within which to depart voluntarily without interference by the Government through communications with foreign nations.

Despite numerous decisions[1] which have sustained the validity of removal orders made by the Attorney General, the appellants contend that the sufficiency of the Presidential Proclamations to authorize internment or removal under section 21 of the Alien Enemy Act has never been squarely decided. But if the question be examined de novo, we see no merit in the contention. The argument is that Proclamation No. 2655, under which the Attorney General has purported to act, authorizes only the removal of aliens who have been legally interned pursuant to Proclamation No. 2526, 55 Stat. Part 2, 1705; and that the latter provides only that "alien enemies shall be liable to restraint, or to give security, or to remove and depart from the United States in the manner prescribed by sections 23 and 24 of title 50 of the United States Code Annotated, *and as prescribed in the regulations duly promulgated by the President.*" In our opinion, the lines which we have italicized invoke the power of executive removal without resort to sections 23 and 24. Moreover, Proclamation No. 2526 incorporates and makes applicable to German aliens the

[1] For example, Ludecke v. Watkins, 335 U.S. 160, 68 S.Ct. 1429; United States ex rel. Schlueter v. Watkins, 2 Cir., 158 F. 2d 853.

regulations contained in Proclamation No. 2525, 55 Stat. Part 2, 1700, relative to Japanese aliens. Section 7 of those regulations expressly authorized the Attorney General to apprehend and confine alien enemies deemed dangerous. Having been lawfully interned the relators were subject to removal under Proclamation No. 2655.

■ Points (2) and (3) of the appellants' contentions have been authoritatively decided adversely to them and need no further discussion. Ludecke v. Watkins, 335 U.S. 160, 68 S.Ct. 1429.

Point (4) is based upon the appellee's admission that the State Department has transmitted to various nations "blacklists" containing the relators' names and informing these nations that they were deemed dangerous alien enemies and might therefore be persona non grata to the nations to which the lists were delivered. An alien must be afforded the privilege of voluntary departure before the Attorney General can lawfully remove him against his will. United States ex rel. Von Heymann v. Watkins, 2 Cir., 159 F.2d 650. The appellants argue that circulation of the "blacklists" is an interference with the alien's privilege of voluntary departure, and that such interference must be ended before the power of compulsory removal can be exercised by the Attorney General. The district court rightly held the contrary. The privilege of voluntary departure does not imply that the alien must be able to go to the country of his choice. So long as there is any foreign country to which he could have gone, his failure to go there is a "neglect" or "refusal" to depart voluntarily. Hence a communication by the State Department to a foreign country, which that country may or may not heed, cannot be regarded as an unlawful restraint on the alien's voluntary departure. The relators have had ample time to arrange to leave the United States and have made no showing that it was impossible for them to do so.

Finding no error in dismissal of the writ, we affirm the order, but without prejudice to the rights of the three appellants whose certificates of naturalization were cancelled by judgments rendered on default, to apply for a new writ in the event that the Supreme Court shall rule that default judgments of denaturalization are invalid. That issue is now pending in the case of Klapprott v. United States, 3 Cir., 166 F.2d 273, certiorari granted 334 U.S. 818, 68 S.Ct. 1086.