**UNITED STATES ex rel. HOEHN v. SHAUGHNESSY.**

No. 265, Docket 21353.

United States Court of Appeals Second Circuit.

June 7, 1949.

George G. Shiya, New York City, for appellant.

John F. X. McGohey, United States Attorney, New York City, Harold J. Raby, Assistant United States Attorney, New York City, of counsel, for appellee.

Before CHASE, CLARK and DOBIE, Circuit Judges.

CHASE, Circuit Judge.

The appellant is a German citizen who was born in Dresden, Germany, on May 31, 1904. He lawfully entered this country on July 22, 1930, for permanent residence. He was mistakenly inducted into the United States Army on July 31, 1942, and was in that service until November 12, 1942, when he was honorably discharged because of the previous mistake in inducting an enemy alien.

Thereafter, he was, on January 5, 1943, interned as an enemy alien pursuant to the provisions of Title 50 U.S.C.A. § 21, and the Proclamation of the President, No. 2526, dated December 8, 1941, 55 Stat. Part 2, page 1705, and held at Fort Lincoln, North Dakota from March 19, 1943, until October 10, 1945. He was then transferred to Ellis Island, N. Y., where he was interned until January 8, 1949, when he was released on parole. While interned at Ellis Island, he was, on January 12, 1946, found by the Attorney General, acting pursuant to Proclamation of the President No. 2655, dated July 14, 1945, 59 Stat. Part 2, page 870, to be a dangerous enemy alien and ordered to depart from the United States within thirty days after receiving notice of the order, and it was further ordered that if he failed or neglected so to depart, he be removed to Germany.

This writ was afterwards issued on June 11, 1946, and was dismissed on October 4, 1946. The appeal was taken on November 12, 1946. The delay in bringing it on for hearing has largely been due to the fact that the attorneys for the parties entered into a stipulation on November 16, 1946, to the effect that no action to deport the relator should be taken until after the final determination in the case of United States ex rel. Schlueter v. Watkins, now reported in 2 Cir., 158 F.2d 853. It provided further "that the attorneys for the respective parties hereto shall be bound by the aforesaid final determination of the case of [United States ex rel.] Schlueter v. Watkins and that the action taken against said Herman Schlueter shall govern in all respects any action that may be taken against Hermann Hoehn * * *"

The appellant relies for reversal upon these grounds: (1) that he could not lawfully be ordered removed by administrative action without judicial proceedings; (2) that the order for his removal was unlawful because made after the war with Germany was ended; (3) that he was not given a reasonable opportunity to depart from the United States voluntarily; and (4) that he could not under the terms of the above stipulation be ordered removed in view of the fact that Schlueter was unconditionally released from custody after the order for his removal was affirmed by this court.

■■ The first two points involve nothing which has not already been decided adversely to the claims now made by the appellant. Ludecke v. Watkins, 335 U.S. 160, 68 S.Ct. 1429, 92 L.Ed. 1881; United States ex rel. Schlueter v. Watkins, 2 Cir., 158 F.2d 853; United States ex rel. Kessler v. Watkins, 2 Cir., 163 F.2d 140, United States ex rel. Dorfler v. Watkins, 2 Cir., 171 F.2d 431.

■ The third ground is based in part upon the statement in the appellant's brief, not justified by anything in the record on appeal, that "The State Department has conceded that it has transmitted to various nations 'blacklists' containing, among others, this relator's name and informing these nations that he was deemed a dangerous alien and might therefore be persona non grata to them"; and in part upon the contention that he is entitled to be "permitted to depart after judicial interpretation of what constitutes reasonable time under all the circumstances of this case." Even if we could accept the unsupported statement in the brief as to blacklisting, it would not help the appellant in the absence of any indication that he tried to depart voluntarily and was, for that reason, unable to do so. His failure to make any effort to depart voluntarily within the thirty days allowed him for that purpose also makes his present claim to a judicial determination of the reasonableness of the opportunity rather weak. But, however that may be, we think thirty days is prima facie a reasonable time and that the order is valid in this respect since no special circumstances have been shown to make the period unreasonable as to this appellant. See United States ex rel. Dorfler v. Watkins, supra, 171 F.2d at page 432; 50 U.S.C.A. § 22; Proclamation of the President No. 2685, dated April 10, 1946, 60 Stat. Part 2, 1342, 50 U.S.C.A. § 21 note.

■■ The remaining point relating to the stipulation involves its meaning and whether the authority of the United States Attorney to bind the government went beyond matters germane to the conduct of this and the Schlueter appeal as judicial

proceedings in which he appeared as attorney for the government. In our opinion, the stipulation should be construed in the light of its evident purpose which was to provide that hearing on this appeal be held in abeyance until Schlueter's appeal had been finally determined and that the parties should abide by the result of that appeal. It did not embrace whatever administrative action might follow the judicial determination of Schlueter's appeal, but meant, we think, that if Schlueter's removal order was affirmed, this appellant would not resist the order for his removal. It would seem that by pressing this appeal the appellant has repudiated the very stipulation he now relies on. But even if this be not so, the stipulation as construed by appellant cannot be held valid for it then, contrary to our opinion as to its actual meaning, would exceed the power of the attorney to curtail that of the government to enforce its laws applicable to the appellant following the determination of the Schlueter appeal. See United States ex rel. Lapides v. Watkins, 2 Cir., 165 F.2d 1017; Wilber National Bank v. United States, 294 U.S. 120, 55 S.Ct. 362, 79 L.Ed. 798; United States ex rel. Sage v. District Director, 7 Cir., 82 F.2d 630.

Affirmed.