### UNITED STATES of America, Plaintiff,

### v.

### GLENS FALLS INDEMNITY COMPANY, Defendant.

United States District Court
S. D. New York.

May 15, 1957.

Paul W. Williams, U. S. Atty. for the S. D. of New York, New York City, Roy Babitt, Sp. Asst. U. S. Atty., New York City, for plaintiff.

Vincent J. Cuti, New York City, for defendant.

NOONAN, District Judge.

The plaintiff herein seeks to collect on a bond furnished by the defendant to guarantee the surrender of an alien for deportation.

The alien was not duly surrendered and the bond was declared breached. It was subsequently discovered, after extensive investigation had taken place, that the alien had "deported himself" approximately two weeks after the surrender date.

The plaintiff has moved herein for summary judgment on the basis of the fact that the defendant was obligated by

its bond to surrender the defendant on demand, and that it failed so to do.

Ironically it should be noted that, by its failure to surrender the alien, the defendant saved the government the cost of his ticket and accomplished his deportation with no, or very little, loss of time. Nonetheless, the government did have to instigate an involved and probably expensive investigation in order to ascertain the whereabouts of the alien, and the cost of this investigation clearly is attributable to the defendant's failure to comply with the terms of the bond.

The main questions would appear to be whether what actually occurred could be considered substantial performance by the defendant, or whether, possibly, a novation had occurred by virtue of certain correspondence and the new agreement complied with.

Here, however, we also have the factor of this same motion having previously been made by the same party and on the same papers before another judge who denied the motion, albeit without prejudice to a new motion based on a "proper showing that such an issue (novation) does not exist". (Parenthesis supplied.)

The plaintiff asserts that it now has made the requisite showing by an addition to its earlier brief.

It is clear that the bond itself was breached by the defendant's failure to surrender the alien on demand. The contractual conditions contained therein clearly were not complied with by the defendant. The bond was conditioned upon the surrender on demand, not upon the deportation; hence there was no substantial compliance.

This case is analogous to that of U. S. v. James P. Sanderson, 9 Cir., 237 F.2d 398, in which the forfeiture of an alien's bond was found to be valid even though the alien was subsequently found to be admissible to the United States and was in fact admitted.

■ It is also clear that the contract provided for liquidated damages; the $500 amount of the bond is specified " 'as liquidated damages' and not as a penalty", hence no actual damage need be shown. Matta v. Tillinghast, 1 Cir., 33 F.2d 64, 65.

In addition, by reason of the government having to investigate the whereabouts of the alien, it was put to otherwise unnecessary trouble and expense.

■ Hence the only remaining questions encountered on this present motion, are:

(1) Has the plaintiff complied with Judge Walsh's prior determination, requiring that a proper showing be made on the question of novation?

(2) Was there a novation, and, if so, was the new contract complied with?

(3) Are there any material issues of fact herein?

Inasmuch as the entire administrative file was submitted on the motion, little factual material could be added. On this motion, however, the plaintiff has added several pages to its brief covering the question of waiver and/or novation; this addition is held to be compliance with Judge Walsh's previous determination. The defendant has not added anything to show that such a question does in fact exist.

■ Nothing in the correspondence relied on by the defendant to establish waiver, or novation, suffices to establish such defenses or even to indicate the existence of a genuine question of fact in such respect. Estoppel may not be raised against the United States. United States ex rel. Hoehn v. Shaughnessy, 2 Cir., 175 F.2d 116.

■ In accordance with the foregoing, the court finds that there is no genuine issue of fact herein, and hence nothing requiring a trial. The issues of law are resolved in favor of the plaintiff. Despite the court's natural reluctance to grant motions of this nature, thereby precluding the losing party from its right to a trial, there appears to be no valid reason why this motion should not be granted.

Accordingly, plaintiff's motion for summary judgment should be, and hereby is granted.

So ordered.