## MATTER OF CONTINENTAL CASUALTY COMPANY

### In Bond Cancellation Proceedings

### A-12300315

*Decided by Deputy Associate Commissioner July 17, 1968*

Since the introduction of a private bill to accord an alien permanent resident status in the United States followed by a request from the appropriate Senate or House Committee for a Service report is tantamount to an application for adjustment of status made while in lawful temporary status within the contemplation of 8 CFR 103.6(c)(2), a maintenance of status and departure bond posted in July 1962 on behalf of a nonimmigrant visitor has not been breached where a private bill was introduced in August 1963 on behalf of the bonded alien subsequent to the denial of her application for extension of stay but prior to the expiration of the period of time afforded her within which to effect her departure, and she was ultimately granted adjustment of status under section 245 of the Immigration and Nationality Act before expiration of authorized extensions of the voluntary departure period.

ON BEHALF OF APPLICANT:
Peter A. Brevitt, Esquire
9 Church Street, Post Office Box 1258
Cortland, New York

The obligor seeks cancellation of a bond for maintenance of status and departure of a nonimmigrant alien in the amount of $500 posted on July 16, 1962. This bond was required as a condition for Mrs. Lucia Addolorato Flocco's admission as a nonimmigrant visitor on July 11, 1962. The District Director at Buffalo, New York on March 6, 1968 served notice on the surety company that the bond was breached for failure of Mrs. Flocco to effect her departure from the United States on or before August 24, 1963 following denial of her application for an extension of stay.

The matter is now before me on certification for a determination of whether the notice of breach should be allowed to stand. Since this order will cancel the bond, the notice of certification required by 8 CFR 103.4 will not be served on the affected party.

In reviewing this matter consideration has been given to the provisions of 8 CFR 103.6(c)(2) which reads:

. . .If an application for adjustment of status is made by a nonimmigrant while he is in lawful temporary status, the bond shall be canceled if his status is adjusted or if he voluntarily departs within any period granted to him. As used in this subparagraph, the term 'lawful temporary status' means that there must not have been any break in the approval of the alien's stay and all the time he is in the United States, from the date of admission to the date of departure or adjustment of status, he must have had uninterrupted Service approval in the form of regular extensions of stay or dates set by which departure is to occur, or a combination of both . . .;

and to 8 CFR 103.6(c)(3) which provides that:

Substantial performance of all conditions imposed by the terms of the bond shall release the obligor from liability.

Service records show that Mrs. Flocco was admitted to the United States as a nonimmigrant visitor on July 11, 1962 at Buffalo, New York for a period to expire January 10, 1963. She was subsequently granted an extension of temporary stay to July 1, 1963. A further application for extension of stay filed June 22, 1963 was denied and Mrs. Flocco was given until August 24, 1963 to effect her departure. On August 20, 1963, prior to the expiration of her stay, private legislation was introduced in the 88th Congress in behalf of Mrs. Flocco to accord her permanent residence in the United States. When private legislation is introduced in the House of Representatives to adjust an alien's status to that of a permanent resident, it is generally the practice of the Service to continue the alien's stay in the United States during its pendency if a report is requested by the House Judiciary Committee. A report was requested in this instance and the Service notified her on September 11, 1963 that she could remain in the United States pending the outcome of the private legislation, and she was given stays up to February 1, 1965.

Deportation proceedings were instituted against her on October 18, 1963; and following a hearing on November 14, 1963, the special inquiry officer ordered that in lieu of deportation Mrs. Flocco be granted voluntary departure within such time and under such conditions as the District Director shall direct. He further ordered that, if she fails to depart as required, the privilege of voluntary departure be withdrawn and she be deported from the United States.

The private bill introduced in the 88th Congress failed to pass as did another private bill introduced on January 4, 1965 in the 89th Congress to accord Mrs. Flocco permanent residence. With the introduction of this latter legislation, Mrs. Flocco was given additional stays to February 1, 1967. This private bill also failed to pass. Another bill was introduced in the 90th Congress on January 10, 1967 to grant

Mrs. Flocco the same relief, and she was granted a further stay to February 1, 1969. Adverse action was taken on this bill; and on July 27, 1967, she was advised that she must now depart by August 27, 1967. This stay was extended to December 15, 1967.

In the meantime as the beneficiary of a visa petition approved on December 6, 1967, she became eligible to apply for adjustment of status to that of a permanent resident under section 245 of the Immigration and Nationality Act. Upon approval of the petition, the Service gave her 30 days within which to file a motion to reopen her deportation proceedings so that she could make application for such adjustment of status. This action was tantamount to the grant to her of permission to remain in the United States for that purpose until January 5, 1968. Her hearing was reopened on December 26, 1967 and an order was entered on February 20, 1968 granting her application for permanent residence.

From the foregoing it appears that the applicant was at all times present in the United States with the *express* approval of this Service except for the period August 25, 1963 to September 11, 1963 when she was notified by the Service that as the beneficiary of a private bill introduced on August 20, 1963, she would be permitted to remain in the United States pending the outcome of the private legislation. The private bill was introduced while Mrs. Flocco was in "lawful temporary status" within the meaning of 8 CFR 103.6(c)(2). Introduction of a private bill to accord an alien permanent resident status in the United States followed by a request from the appropriate Senate or House Committee for a Service report, should be treated for the purpose of 8 CFR 103.6(c)(2) as application for adjustment of status. Since the introduction of the bill in this case was timely, a report on the bill was requested, and the alien's status was adjusted, it is concluded that the terms of the bond have been complied with as provided by the applicable regulations. Accordingly, the District Director's notice of breach of the bond should be withdrawn and the bond should be canceled.

**ORDER:** It is ordered that the notice of the District Director dated March 6, 1968 breaching the bond be withdrawn and that the bond be canceled.