**UNITED STATES v. GOLDBERG et al. (two cases).**

Nos. 230, 231.

Circuit Court of Appeals, Second Circuit.

April 7, 1930.

Charles H. Tuttle, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Albert J. Hiers, of New York City (Milton Seymour Cohn and George W. Israel, both of New York City, of counsel), for defendant-appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

■ Under the conditions of these bonds, the aliens undertook to depart from the United States on or before a day certain without expense to the government and, indeed, without any action by the government at all. They were not to be deported. They were to go. One of the duties of the surety was to see that they went. The Commissioner had no official duty to them with respect to their going, at least until the time limit had expired, except to receive the five days' notice. To be sure they had failed before April 5, 1924, to give him five days' notice of the date of sailing and name of the vessel by which they were to depart but we have no occasion to consider what authority he may have had to cause them to be arrested and deported on that account, for he then took

no such action. Moreover, there is nothing to indicate that he interfered with them in any way. He merely permitted them to do what they pleased upon their assurance that they would return when he gave them twenty-four hours' notice to do so. Their voluntary departure according to the conditions of the bonds was not delayed or prevented by anything the Commissioner may have told them. The very basis of their request to him for permission to leave Ellis Island that day was the fact that there was no vessel on which they could then depart. The selection of Ellis Island as the place for departure was their own. It does not appear that they had chosen any ship. They waited until the last day, and then could not have left the country whether the Commissioner granted their request or not. The government was under no obligation to provide a ship for them there or anywhere else. Nor did the Commissioner undertake to do more than to notify them twenty-four hours before he might require their reappearance at Ellis Island; not, of course, for departure in accordance with the conditions of the bonds, for that was already impossible, but presumably for deportation should they fail to depart voluntarily.

As we see it, this appeal does not raise the question of the authority of the Commissioner to waive the conditions of the bonds or to extend the time for the aliens to remain lawfully in this country, since what he did would have fallen short of such waiver or extension had his authority to waive or extend been undoubted. His non-interference with these aliens, which left them free for the time being to come and go as they pleased, ought not to be tortured into more than just non-interference.

■ It is also urged that the bonds were given for indemnity only, and that the amount of recovery must be limited to the damages the government can show it has suffered as a result of the breach. In the First circuit, this precise question was recently considered and rightly decided, so we think, adversely to the contention of the appellee in Matta v. Tillinghast (C. C. A.) 33 F.(2d) 64.

Judgments reversed.