Hertha WATZEK, as Assignee of Frances Watzek, Plaintiff,

v.

UNITED STATES of America, Defendant.

United States District Court
S. D. New York.
July 11, 1955.

Alfred S. Holmes, New York City, for plaintiff. Charles Levine, New York City, of counsel.

J. Edward Lumbard, U. S. Atty., for the Southern District of New York, New York City, for the United States. Arthur S. Ecker, Asst. U. S. Atty., New York City, of counsel.

PALMIERI, District Judge.

The Government makes this motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The facts are undisputed. Plaintiff's assignor posted a bond on behalf of an alien, one Adamek. The bond was for $500. This sum was to be returned to the obligor "if the said alien is admitted temporarily as a visitor for business or pleasure (or is granted an extension of the period of his admission for such purpose or purposes), and if the said alien shall in all respects comply with the conditions of his admission (or of the extension of the period of his admission) and shall actually depart permanently from the United States without expense thereto * * *."

Adamek was admitted to the United States as a non-immigrant visitor for pleasure within the definition contained in section 101(a) (15) (B) of the Immigration and Nationality Act, 8 U.S.C.A. § 1101(a) (15) (B). Thus, he was admitted as "an alien (other than one coming for the purpose * * * of performing skilled or unskilled labor * * *) having a residence in a foreign country which he has no intention of abandoning and who is visiting the United States * * * temporarily for pleasure". Adamek was granted an extension of time for his temporary stay in March 1954. After this extension had been granted the Immigration and Naturalization Service learned that he had been employed as a hairdresser in December 1953. A hearing was held and it was determined that Adamek was deportable because he had violated a condition of his admission by having worked as a hairdresser. There was no dispute at the hearing about Adamek's having engaged in gainful employment contrary to the statute. He was granted the privilege of voluntary departure and left the United States in May 1954. Thereafter, the Immigration and Naturalization Service declared the bond breached and the collateral forfeited.

Plaintiff then brought this action for the return of the collateral on the ground that the bond was not breached. Plaintiff claims that the only condition of the bond was that the alien would depart from the United States without expense to the United States and that this condition was complied with because Adamek voluntarily departed from the United States at his own expense.

In my opinion plaintiff misreads the bond. The bond states that it is conditioned on "the alien * * * in all respects comply[ing] with the conditions of his admission (or of the extension of the period of his admission) and * * * actually depart[ing] permanently from the United States without expense thereto. * * *." The condition for departure "from the United States without expense thereto" was an additional and not an exclusive condition of the bond. Because of the definition contained in section 101(a) (15) (B) of the Immigration and Nationality Act, which is quoted above, one of the conditions of the alien's admission was that he should not perform skilled or unskilled labor while in the United States. By accepting employment as a hairdresser the alien breached this condition. Therefore, the Immigration and Naturalization Service properly declared the bond breached and the collateral forfeited.

The motion for summary judgment is granted. Settle order on notice.