**Stanley G. EARLE, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. 14776.**

United States District Court
E. D. New York.

Feb. 14, 1957.

Spar, Schlem & Burroughs, New York City, Charles Spar, New York City, of counsel, for plaintiff.

Leonard P. Moore, U. S. Atty., Nicholas Coffinas, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for defendant.

RAYFIEL, District Judge.

This is an action under section 1346 (a) (2) of Title 28 U.S.Code, for the recovery of the proceeds of a United States Treasury Bond in the amount of $500, and has been submitted for determination on the following agreed statement of facts:

The bond was posted by the plaintiff on May 28, 1953 in behalf of one Urcella Sibblies, an alien, who had been

admitted into the United States at the Port of Miami, Florida, on June 8, 1952 for a period of six months, pursuant to the provisions of Section 3(2) of the Immigration Act of 1924, as amended, 8 U.S.C.A. § 1101(a) (15) (B), as a visitor for pleasure and medical treatment.

Thereafter, on three occasions, the said alien applied for and obtained extensions of stay to remain temporarily in the United States, the first until June 8, 1953, the second until December 8, 1953 and the third until March 8, 1954.

The said Service, as a condition of the granting of the second extension, required that the alien post with it a bond in the principal sum of $500, conditioned for her departure from the United States within the time allotted to her, and also for her compliance with the conditions of her admission into the United States.

On May 28, 1953 the plaintiff duly posted a United States Treasury Bond in the principal sum of $500, and executed an agreement or form prepared by the Service, entitled "Bond Conditioned for Departure of an Alien Temporarily Admitted as a Visitor for Business or Pleasure."

The said bond contained, among others, the following provisos:

"Now, Therefore, the conditions of this bond are such that if the said alien is permitted to remain temporarily as a visitor for business or pleasure (or is granted an extension of the period of her admission for such purpose or purposes), and if the said alien shall in all respects, comply with the conditions of her admission (or of the extension of the period of her admission) and shall actually depart permanently from the United States without expense thereto in any event on or before December 8, 1953, or such subsequent date as may be (sic by) proper order be fixed in extension of such date and if the immigration officer in charge of the port of Miami

and New York shall receive from the above-bounden obligors satisfactory evidence of the time and place of such departure prior to the expiration of thirty (30) days from the date of such departure; then this obligation shall be void; otherwise, it shall remain in full force and virtue."

\*　　\*　　\*　　\*　　\*　　\*

"It is specially stipulated and agreed that by the obligors hereto and each of them that, if the appropriate officers of the United States Immigration and Naturalization Service shall authorize an extension of time within which the alien is required to depart from the United States, notice of such authorization is hereby waived, and no authorization of such extension, with or without notice to the said obligors, shall in any way diminish or extinguish the obligation hereunder of the said obligors."

On May 28, 1953, upon the deposit of the said bond and the execution of said agreement or form, the said alien was granted permission to remain in the United States until December 8, 1953, which period was, on application of the alien, further extended to March 8, 1954.

On January 19, 1954 the said alien made a voluntary statement, under oath, to an investigating officer of the Service, which included the following questions and answers:

"Q. Are you employed? If so, where? A. Yes, by Mr. and Mrs. S. Silverstein, 140 Norma Road, Teaneck, New Jersey.

"Q. When did you gain employment after your entry into the United States? A. I went to work for Mr. and Mrs. S. Silverstein, 140 Norma Road, Teaneck, New Jersey, about December 4, 1953."

On January 19, 1954 an Immigration Warrant of Arrest was issued on a charge that the alien had violated Section 241(a) (9) of the Immigration and

Nationality Act of 1952 8 U.S.C.A. § 1251(a) (9) in that she had failed to comply with the conditions of her status as a non-immigrant, to wit, as a visitor for pleasure under Section 3(2) of the Immigration Act of 1924.

On January 19, 1954 the alien waived all further proceedings and was granted the privilege of voluntary departure from the United States, to be effected not later than January 30, 1954.

On January 29, 1954, the alien, without expense to the Government, voluntarily departed from the United States from the port of Miami, Florida.

On March 10, 1954, in a letter of which the following is a copy, the District Director of the Immigration and Naturalization Service informed the plaintiff that the condition of the aforementioned departure bond had been violated.

"Re: Urcella Sibblies
"Sir or Madam:

"You are hereby notified that the condition of the $500.00 departure bond dated May 28, 1953, on which you are an obligor with respect to the above-named, has been violated. It has been concluded that the bond executed by you has been breached for the following reasons: subject arrived in the United States at Miami, Florida on June 8, 1952 and was admitted as a visitor. After a $500.00 departure bond was posted in her behalf on May 28, 1953 she received an extension of stay until December 8, 1953. She received a further extension of stay under bond until March 8, 1954. The subject breached the terms of the bond by accepting employment on December 4, 1953. A Warrant of Arrest was issued in her case on January 19, 1954. She was subsequently granted the privilege or voluntary departure and departed from the United States from Miami, Florida on January 29, 1954; but this did not negate the previous breach of the terms of the bond by her acceptance of employment on December 4, 1953.

"Very truly yours,
"(Signed)
"Edw. J. Shaughnessy
"District Director
"New York District"

Plaintiff has duly demanded that the said departure bond be cancelled and that the United States Treasury bond deposited with the Service, or its equivalent in cash, be returned to him, but the defendant has refused to comply with said demand.

The foregoing constitutes the entire statement of facts on which this action has been submitted for determination.

The language of the departure bond appears to be clear and unequivocal. It provides that the conditions to be performed in order to void obligation thereunder are conjunctive, that is to say, that the alien was required not only to comply with the conditions of her admission but also to make her departure from the United States not later than the date therein provided for, or any extensions thereof.

In support of its contention the Government has cited the case of Watzek v. United States, D.C., 134 F.Supp. 605, involving similar facts, which Judge Palmieri decided in favor of the Government, declaring forfeit the bond posted therein.

The bond in the Watzek case appears to have been similar in form and content with that in the instant case, and I am in agreement with Judge Palmieri's interpretation thereof. But did the Service have the authority to exact a bond providing for forfeiture even if the alien voluntarily departed from the United States prior to the date fixed therein? That question was not raised in the Watzek case.

The Service's authority to require a bond for the admission of the said alien into the United States as a non-immigrant visitor was established by Section

1184(a) of Title 8 U.S.C.A., which reads as follows:

"The admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe, including when he deems necessary the giving of a bond with sufficient surety in such sum and containing such conditions as the Attorney General shall prescribe, to insure that at the expiration of such time *or upon failure to maintain the status under which he was admitted,* or to maintain any status subsequently acquired under section 1258 of this title, such alien will *depart from the United States.*" (Emphasis added.)

There is no doubt, of course, that the Attorney General had the right to prescribe by regulation that a bond be filed, and that it contain provisions requiring the alien to comply with certain conditions. But does not Section 1184(a), supra, limit that right or authority to such conditions as may be necessary to insure the alien's departure? I believe it does. It is my opinion that the right to prescribe the condition represented by the italicized words in the following quoted portion of the statute: "insure that at the expiration of such time *or upon failure to maintain the status under which he was admitted * * * such alien will depart from the United States,*" was intended to confer upon the Service no greater right or power than to accelerate the alien's departure because of her failure to maintain the status under which she was admitted.

It may be added that the bond on its face is characterized as a "Bond conditional for departure of an alien temporarily admitted as a visitor for business or pleasure." It is my opinion that recourse may be had to the bond only if the alien failed to depart from the United States on or before the date provided therein for her departure, or sooner if she violated a condition of her admission, and then only if the Government actually sustained any loss or damage by reason of her failure so to do. The provision for liquidated damages merely relieved the Government of the necessity of establishing the extent of its damage. Here, however, the alien left voluntarily at her own expense.

Accordingly judgment is granted in favor of the plaintiff for the relief prayed for in the complaint.

Submit proposed decree on notice.