Stanley G. EARLE, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 188, Docket 24754.

United States Court of Appeals Second Circuit.

Argued March 10, 1958.

Decided April 21, 1958.

---

Spar, Schlem & Burroughs, New York City (Charles Spar, New York City, of counsel), for plaintiff-appellee.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern District of New York, Brooklyn, N. Y. (Robert A. Morse, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for defendant-appellant.

Before CLARK, Chief Judge, HINCKS, Circuit Judge, and BRENNAN, District Judge.

BRENNAN, District Judge.

This litigation involves the legality and enforceability of a bond posted with the District Director of the Immigration and Naturalization Service, United States Department of Justice, hereinafter referred to as the Service. The issues were submitted upon a stipulated statement of facts. The court below concluded that the bond here may not be forfeited although the alien violated the maintenance of status condition thereof.

Urcella Sibblies, an alien, was admitted to the United States, as a visitor for pleasure and medical treatment, on June 8, 1952 for a period of six months, pursuant to the provisions of Sec. 3(2) of the Immigration Act of 1924.* She applied for and received three extensions of her temporary stay in this country. The first of said extensions permitted her to remain until June 8, 1953; the second until December 8, 1953 and the third until March 8, 1954. As a condition precedent to her obtaining the second extension of time beyond June 8, 1953, the Service required her to post with it a bond in the principal sum of $500.00. On May 28, 1953, the plaintiff executed and posted an undertaking on a form prepared by the Service and entitled "Bond Conditioned for Departure of an Alien Temporarily Admitted as a

* Now 8 U.S.C.A. § 1101(a) (15) (B).

Visitor for Business or Pleasure." The conditions of said instrument pertinent here are set out in the footnote below.[1] The Treasury bond in dispute here was at the same time deposited as security to insure the performance of the conditions thereof. The requested time extension was thereafter granted and upon its expiration, a further extension, permitting the alien to remain in this country until March 8, 1954, was granted upon her application.

On January 19, 1954 said Urcella Sibblies stated under oath to an investigating officer of the Service that she had obtained employment and went to work on December 4, 1953 in the home of a private family at Teaneck, New Jersey. An immigration warrant was thereupon issued, charging the alien with a violation of Sec. 241(a) (9) of the Immigration and Nationality Act of 1952 in that she failed to comply with the conditions of her non-immigrant status. 8 U.S.C.A. § 1251(a) (9). On the same day, January 19, 1954, she waived all further proceeding in the matter of her status and was granted the privilege of voluntary departure from the United States to be accomplished by January 30, 1954. On January 29, 1954, the alien voluntarily departed as per the above.

The plaintiff was notified by the District Director by letter of March 10, 1954 as to the breach of the condition of the bond, as above set forth. The plaintiff thereupon demanded the cancellation of the bond described herein and the return of the Treasury bond, posted as security, or its equivalent in cash. The demand was refused and this action, to recover the value thereof, was instituted.

The maintenance of status and timely departure are conjunctive conditions of the bond. The lower court agrees with the decision in Watzek v. U. S., D.C., 134 F.Supp. 605 to the effect that a violation of the condition as to status, breached the bond here. No contrary contention is advanced upon this appeal. Rather it urged that the statute requires a failure to depart within the allotted time as a prerequisite to forfeiture.

The trial court found that the Service's authority to require a bond under the circumstances here is established by the provisions of 8 U.S.C.A. § 1184(a). The provisions of the statute are then construed as authorizing a bond, recourse to which may be had only in the event the alien fails to depart from the United States on or before the date provided or sooner, if she violated a condition of her admission. In other words, the breach of the condition of admission status may be used to accelerate departure but may not be used as a basis of forfeiture.

■ The power of the Attorney General to promulgate regulations requiring the posting of a bond by an alien permitted to enter this country is based not only on 8 U.S.C.A. § 1184(a), relied upon below, but is broadly expressed in 8 U.S.C.A. § 1103(a). Both sections are set out in the footnote below.[2] That

1. "Now, Therefore, the conditions of this bond are such that if the said alien is permitted to remain temporarily as a visitor for business or pleasure (or is granted an extension of the period of her admission for such purpose or purposes), and if the said alien shall in all respects, comply with the conditions of her admission (or of the extension of the period of her admission) and shall actually depart permanently from the United States without expense thereto in any event on or before December 8, 1953, or such subsequent date as may be (sic by) proper order be fixed in extension of such date and if the immigration officer in charge of the port of Miami and New York shall receive from the above-bounden obligors satisfactory evidence of the time and place of such departure prior to the expiration of thirty (30) days from the date of such departure; then this obligation shall be void; otherwise, it shall remain in full force and virtue."

2. "He shall establish such regulations; prescribe such forms of bond, reports, entries, and other papers; issue such instructions; and perform such other acts as he deems necessary for carrying out his authority under the provisions of this chapter." 8 U.S.C.A. § 1103(a).

"The admission to the United States of any alien as a nonimmigrant shall be

regulations have been adopted which authorize bonds conditioned upon the maintenance by the alien of her status as a visitor is not disputed. (8 C.F.R. 214.3 at page 45; 214.2(a) (c) at page 44; 214b.2 at page 48). It is urged however that such regulations are beyond the power granted in 8 U.S.C.A. § 1184(a) and therefore invalid.

■ The lower court has construed the above section too narrowly. This is particularly true when it is read together with the broad power of regulation granted in Sec. 1103(a). Sec. 1184(a), in its prefatory statement, also contains a broad grant of power to regulate, specifically providing for a bond, conditioned upon the alien's departure. Because the power to demand a bond, to insure timely departure, is expressly given by statute does not preclude the exaction of a bond conditioned upon maintenance of status. The statute is inclusive, not exclusive. It follows that the regulations are well within the power granted in either of the above sections. A bond, filed pursuant thereto, is enforceable on the breach of an authorized condition thereof.

■ We do not need to labor the question further because in any event, under the broad authority granted to regulate the admission of non-immigrants, the exaction of the bond was within the powers inherent in the grant even in the absence of express statutory authority. The bond here, being neither unlawful nor prohibited, is entirely valid and enforceable. United States v. Wolper, 2 Cir., 86 F.2d 715, and cases cited therein.

■ The contention is made that since the alien departed without expense to the United States that no damage has been suffered. A bond, providing for liquidated damages, is particularly appropriate under the facts shown, to compensate for the indirect damage done to the national economy, the expense of investigation and the maintenance of an agency to enforce the provision of the Immigration Laws. The decision in United States v. Goldberg, 2 Cir., 40 F.2d 406, settles the question of the propriety of liquidated damage here.

The judgment below is reversed and the case is remanded to dismiss the complaint.

for such time and under such conditions as the Attorney General may by regulations prescribe, including when he deems necessary the giving of a bond with sufficient surety in such sum and containing such conditions as the Attorney General shall prescribe, to insure that at the expiration of such time or upon failure to maintain the status under which he was admitted, or to maintain any status subsequently acquired under section 1258 of this title, such alien will depart from the United States." 8 U.S.C.A. § 1184(a).