MATTER OF GRECIAN PALACE

In VISA PETITION Proceedings

NYC-N-8755

*Decided by Regional Commissioner March 12, 1962*

The district director has authority to require the posting of a bond as a condition precedent to the granting of a petition filed pursuant to section 214(c), Immigration and Nationality Act, to accord nonimmigrant classification under section 101(a)(15)(H) of the Act.

This matter is presently before us on appeal from the district director's decision of February 13, 1962 denying this petition on the ground that the petitioner failed to comply with conditions set forth by this Service, to wit: the posting of a thousand-dollar maintenance of status and departure bond.

Counsel, both in his appeal brief and oral argument, contends that the district director, acting for the Attorney General, is without power to require the posting of bond as a condition precedent to the granting of a petition under section 214(c) of the Immigration and Nationality Act. It is his position that such bond may only be exacted at the time the alien beneficiary actually applies for admission to the United States.

Under the broad authority granted the Attorney General to regulate the admission of nonimmigrants, the exaction of bond is within the powers inherent in the grant even in the absence of express statutory authority. Where the bond is neither unlawful nor prohibited, it is entirely valid and enforceable. *U.S.* v. *Wolper*, 2 Cir., 86 F. 2d 715 and cases cited therein.

The power of the Attorney General to promulgate regulations requiring the posting of bond is based not only on 8 U.S.C.A. 1184(a) but also on 8 U.S.C.A. 1103(a). *Earle* v. *U.S.*, 254 F. 2d 384 (C.A. 2, 1958), certiorari denied 358 U.S. 822. Section 1184(a) reads as follows:

The admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulation prescribe, including when he deems necessary the giving of a bond with

sufficient surety in such sum and containing such conditions as the Attorney General shall prescribe, to insure that at the expiration of such time or upon failure to maintain the status under which he was admitted, or to maintain any status subsequently acquired under section 1258 of this title, such alien will depart from the United States.

Section 1103(a) which sets forth the powers and duties of the Attorney General provides, in part, as follows:

. . . He shall establish such regulations; prescribe such forms of bond, reports, entries, and other papers; issue such instructions; and perform such other acts as he deems necessary for carrying out his authority under the provisions of this chapter. . . ,

Form I–129B, Petition to Classify Nonimmigrant as Temporary Worker or Trainee, is included in 8 CFR 299.1 as a form prescribed by the Attorney General, and 8 CFR 214.4 specifies that such a petition shall be made on Form I–129B. Page 3 of this form requires that the petitioner express his willingness to post bond *"as a condition to the approval of the petition"* (italics supplied). Under the provisions of 8 CFR 103.2, the instructions contained on a petition are "incorporated into the particular section of the regulations requiring its submission."

In view of the foregoing, we find that the district director's request that the petitioner post a thousand-dollar maintenance of status and departure bond is both reasonable and proper. Accordingly, his decision will be affirmed.

*It is ordered* that the decision of the district director denying this petition be and same is hereby affirmed.