MATTER OF KUBACKI

In Bond Breach Proceedings

A-22657465

*Decided by Regional Commissioner January 28, 1981*

(1) When a nonimmigrant alien as defined in section 101(à)(15)(B) of the Immigration and
Nationality Act, 8 U.S.C. 1101(a)(15)(B) violates the conditions of his/her maintenance
of status and departure bond issued under sections 103 and 214 of the Act, 8 U.S.C.
1103 and 1184, but does not commit a "substantial violation" within the meaning of 8
C.F.R. 103.6(e), the bond will be treated as cancelled, not breached.

(2) Determining whether a violation is "substantial" within the meaning of 8 C.F.R.
103.6(e) requires consideration of the following factors:

    (a) Extent of breach (how many days overstayed).

    (b) Whether it was intentional or accidental on the part of the alien.

    (c) Whether it was in good faith.

    (d) Whether the alien took steps to make amends or to put himself in compliance.
*International Fidelity Insurance Company v. Crosland*, 490 F Supp. 466, 448 (S.D.N.Y.
1980).

This matter is before me on appeal from the District Director's deci-
sion of March 5, 1980, declaring the bond breached and the collateral
forfeited because the alien for who the bond was posted violated the
conditions of the bond by remaining in the United States beyond his
authorized period of stay as a nonimmigrant visitor. The appeal will be
sustained.

The facts in the case are not in dispute. The record clearly establishes
that the alien remained in the United States without authorization as a
nonimmigrant from September 7, 1979, until September 28, 1979, which
was the date he departed from the United States.

On appeal, the obligor states that neither he nor his nephew, the
nonimmigrant visitor for whom the bond was posted, realized that the
authorized stay of the nephew expired on September 6, 1979. Rather,
they believe that when the nephew was admitted to the United States
on August 6, 1979, he was given permission to remain for 2 months. The
obligor has submitted a letter from the American Vice Consul at Poznan,
Poland, which verifies that the nephew was issued a nonimmigrant
visitor's visa at that post on July 26, 1979, after the posting of a bond,
for the intended purpose of a visit of 2 months. The alien and his uncle

who posted the bond relied on this understanding of the appropriate use of the nonimmigrant visitor's visa. Thus, when the nephew left the United States on September 28, 1979, both he and the obligor believed that he was departing within the period of a 2-month authorized visit.

The wording of federal regulations at 8 C.F.R. 103.6(e) leaves no question that a bond must be declared breached and the collateral forfeited when there has been a substantial violation of the stipulated conditions. This regulation was amended in 1967 (see, 32 Federal Register 9622, July 4, 1967). The previous version had provided for breach of a bond whenever there had been *any* violation of its terms. The change in the regulation added the element that a violation must be found to be *substantial* before a bond could be declared breached.

Generally, the Service has held that the continued presence of an alien for whom the bond was posted for any period without Service authorization constitutes a substantial violation of the conditions of a maintenance of status and departure bond. The authority for this interpretation of the term substantial is 8 C.F.R. 103.6(c)(2) which requires that the alien for whom the bond was posted have uninterrupted Service approval of his presence here. However, 8 C.F.R. 103.6(c)(3) provides that when there has been substantial *performance* of all conditions imposed by the terms of a bond the obligor shall be released from liability and the bond cancelled. Thus there may be some situations when there has been less than strict compliance with the terms of admission. Nevertheless, a bond would be cancelled rather than breached based on a finding that the violation had not been "substantial."

A determination of whether a violation has been substantial requires an assessment of the circumstances surrounding it. In *Matter of Nguyen*, 15 I&N Dec. 2344 (BIA 1975), violations were called substantial which constitute a willful departure from the terms or conditions of the bond or the failure to comply or adhere to the essential elements of those terms or conditions.

A test for evaluating substantiality was set out in *International Fidelity Insurance Company v. Crosland*, 490 F.Supp. 446 (S.D.N.Y. 1980):

1. *Extent* of breach (how *many* days overstayed);
2. Whether it was intentional or accidental on the part of the alien;
3. Whether it was in good faith;
4. Whether the alien took steps to make amends or to put himself in compliance.

I have carefully reviewed the record and I find here that the alien departed the United States in good faith, fully believing that he had complied with the terms of his admission. He did not willfully depart from the condition of the bond that he maintain a lawful nonimmigrant status. His violation was accidental rather than intentional and he ultimately put himself in compliance by his departure 3 weeks later. I find that this 3-week period between the date the alien's actual stay had

expired and the date he left does not constitute a substantial breach. The bond should be cancelled rather than breached.

**ORDER.** The appeal is sustained. The bond is cancelled.