MATTER OF ARBELAEZ-NARANJO

In Bond Breach Proceedings

A-22160018

*Decided by Regional Commissioner March 2, 1983*

(1) This proceeding involves the breach of a bond. Under the terms of the bond, the obligor agreed to produce the alien upon request. The alien was ordered to appear at a hearing and he failed to appear until 9 a.m. the following morning. The District Director informed the obligor that the bond conditions had been violated. Accompanying the appeal was an undated, preprinted "Excused Absence" note signed by a doctor.

(2) Substantial performance exists where there has been no willful departure from the terms or conditions of a bond, where the conditions have been honestly and faithfully complied with and the only variance from their strict and actual performance consists of technical or unimportant occurrences. *Matter of Nguyen*, 15 I&N Dec. 176 (R.C. 1975), followed.

(3) Delivery bonds are exacted to insure the aliens will be produced when required by this Service for hearings or deportation. The courts have taken cognizance of the confusion which would result if the aliens could be surrendered at any time it suited their or surety's convenience. *Matter of L—*, 3 I&N Dec. 862 (Comm. 1950), followed.

(4) An obligor shall be released from liability where there has been "substantial performance" of all conditions imposed by the terms of the bond. *See* 8 C.F.R. 103.6(c)(3).

(5) A bond is breached when there has been a "substantial violation of the stipulated conditions (of the bond)." *See* 8 C.F.R. 103.6(e).

(6) Doctor's preprinted note without date, time, and type of treatment, and nature of illness is insufficient to establish an excused nonappearance.

ON BEHALF OF OBLIGOR: Donald M. Zolin, Esquire
217 Broadway
New York, New York 10007

This matter is before the Regional Commissioner on appeal from the District Director's decision declaring that the conditions of the immigration bond had been violated.

The record indicates that on September 2, 1980, the obligor posted a $7,500 bond conditioned for the delivery of the alien. A written demand for the alien's surrender was mailed to the obligor by certified mail - return receipt requested on December 12, 1980. A copy of this was mailed to the alien and the attorney for the obligor. The written demand required the obligor to surrender the alien to the Service for a hearing

at 9:00 a.m. on January 7, 1981, at 26 Federal Plaza, New York, New York. The obligor did not present the alien to the Service at the specified time and date and the alien failed to present himself. On January 8, 1981, the District Director informed the obligor that the conditions of the immigration bond had been violated.

Counsel for the obligor on appeal argues: that the alien was ill on the scheduled date of the hearing; that this was conveyed to the Service trial attorney and immigration judge; that the alien was ready and able to appear later in the afternoon but that the trial attorney and immigration judge had departed for the day; that the alien appeared at the immigration court at 9 a.m. the following morning; that, therefore, the alien has acted in good faith and substantially complied with the terms and conditions of the bond. Counsel argues that while the conditions of the bond were not strictly adhered to there was not a substantial violation of the stipulated conditions of the bond since the alien did report for his hearing 24 hours later. Counsel cites *Matter of Nguyen*, 15 I&N Dec. 176 (R.C. 1975) and *International Fidelity Insurance Company v. Crosland*, 490 F. Supp. 446 (S.D.N.Y. 1980) to support a conclusion that the decision of the District Director be withdrawn and that the bond be cancelled.

The record shows that on the hearing date at 10 a.m., one hour after the scheduled time for the hearing, counsel for the obligor called the Service trial attorney and informed him that the alien would be unable to attend the hearing in the morning. Counsel at that time provided no explanation as to why the alien did not appear. Counsel in an affidavit states that he phoned the trial attorney a second time at 11:15 a.m. and indicated that the alien was ill and could not attend the hearing. The trial attorney acknowledges counsel's second phone call but states that at no time during that phone call did counsel state that the alien was ill. Counsel then promised to produce the alien as soon as possible, most likely in the afternoon. Arrangements were made to have the immigration judge return from the Brooklyn Detention Facility to have the hearing at 2:00 - 2:30 p.m. The alien still did not appear. At about 4:30 p.m., after the immigration judge and trial attorney had departed for the day, counsel called the immigration court and stated that the alien was in counsel's office and would now be able to appear for the hearing. The immigration court clerk informed counsel that since all had left for the day nothing could be transacted until the following morning. Counsel and the alien appeared at the immigration court the following morning at 9 o'clock. Counsel at that time informed the trial attorney that the alien had been ill the preceding day with the flu. The alien was subsequently arrested and the bond was breached.

8 C.F.R. 103.6(c)(3) provides that an obligor shall be released from liability where there has been "substantial performance" of all conditions imposed by the terms of the bond. 8 C.F.R. 103.6 (e) provides that

a bond is breached when there has been a "substantial violation of the stipulated conditions (of the bond)."

*Matter of Nguyen, supra,* holds that "substantial performance" exists where there has been no willful departure from the terms or conditions of a bond, where the conditions have been honestly and faithfully complied with and the only variance from their strict and actual performance consists of technical or unimportant occurrences.

From our review of this record, we do not find that the obligor in this matter has established substantial performance. We are not persuaded by the evidence of record that there has been no willful departure from the terms or conditions of the bond and we do not find it established that the failure of the alien to appear at the scheduled time and place is merely a technical or unimportant occurrence simply because he appeared at the court twenty-four hours after he was scheduled to do so.

Accompanying the appeal and in support of it is a copy of an "Excused Absence" note signed by a doctor which states that the alien was under the doctor's care for the period from January 7, 1981, the day of the hearing, to January 8, 1981. The note additionally states "I confirm that the patient's absence was physician-advised." While the alien did appear at the immigration court the day following his scheduled appearance with the counsel and the trial attorney was informed that the alien had been ill the preceding day with the flu, the doctor's note excusing the absence was not presented at that time. An examination of this note shows that it is not dated. It shows that counsel compared the copy of the note to an original on January 23, 1981, some two weeks subsequent to the date of the alien's appearance. The undated doctor's note does not state at what time January 7, 1981, the doctor treated the alien. It does not state where the alien was treated nor does it state what the alien was treated for or what kind of treatment was prescribed.

The argument that an obligor may merely go on record as stating that an alien was ill on the date of a scheduled hearing is rejected; likewise is rejected the contention that an obligor may rely on an undated, nonspecific, vague preprinted form "Excused Absence" note from a doctor to establish an excused nonappearance.

Where there is a variance from the strict and literal performance of the conditions of a delivery bond, an obligor must establish substantial performance which is of benefit to the government.

The immigration judge and the trial attorney had arranged their schedules and the immigration court's calendar in advance to set aside a particular period of time to hear this alien's case. Other matters were not scheduled in order that this individual should have his day in court. The immigration judge, trial attorney and immigration court were prepared and ready for the alien's case at the appointed time. The obligor and the alien did not inform the immigration court of the aliens' alleged

inability to attend the scheduled hearing until after the appointed time.

After the fact, when the Service was first informed that the alien would be unable to attend the hearing, no explanation was given. While counsel states that when he contacted the Service the second time he stated that the alien's inability to appear was due to illness, the trial attorney states that no explanation was provided at that time either. While arrangements were made to hear the alien's case later in the afternoon, the alien still did not appear. It was only after 4:30 p.m., when the immigration judge and trial attorney had departed for the day, that the alien appeared, not at the immigration court, but at counsel's office, and informed the Service from there that now he was ready to appear. While the alien did appear at the immigration court 24 hours subsequent to the scheduled time, we do not find that his failure to appear on the scheduled time was merely a technical or unimportant occurrence. Substantial performance of benefit to the government has not been established in this matter.

*Matter of L—*, 3 I&N Dec. 862 (Comm. 1950), states in part: "Delivery bonds are exacted to insure the aliens will be produced when required by this Service for hearings or deportation. They are necessary in order that the Service may discharge its functions in an orderly manner. The courts have taken cognizance of the confusion which would result if aliens could be surrendered at any time it suited their or surety's convenience."

After a careful review of the record and in consideration of the foregoing, it must be concluded that the conditions of the bond have been violated. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.